**Flora MARTINEZ, Plaintiff,**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education and Welfare of the United States, Defendant.**

**No. C. 196–60.**

United States District Court
D. Puerto Rico,
San Juan Division.

Nov. 15, 1961.

E. Sanchez Ruiz, Mayaguez, P. R., for plaintiff.

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for defendant.

RUIZ-NAZARIO, Chief Judge.

This action is now before the Court on defendant's motion for summary judgment.

The plaintiff in this action seeks to obtain the review, under Sec. 405(g) Title 42 U.S.C.A., of the final decision of the defendant rendered through The Appeals Council of the Social Security Administration, entered on May 12, 1960, and holding that the applicant is not entitled to the parent's insurance benefits under the Social Security Act, for which she filed her application.

The facts are undisputed and all that is in dispute before the Court is a question of *lex scriptae*, which the Court has no power to alter no matter how sympathetic plaintiff's appeal to unwritten principles of social justice may be.

The Appeals Council, in determining plaintiff's rights under the Social Security Act was bound to give, as it did, full application to the laws of the Commonwealth of Puerto Rico and the decisions of its highest court dealing with the subject, and there is no doubt that under these, the Council was powerless to decide anything else.

The Court has very little to add, by way of improvement, to the decision of the Appeals Council, complained of herein.

The record fully supports the conclusion that the applicant-plaintiff failed to establish that the child, from whom she is claiming insurance benefits under the Social Security Act, was at the time of his death, her *acknowledged child*; which is the basic pre-requisite, under Puerto Rican law (Civil Code 1930, Sec. 899, T. 31, LPRA 2652) for establishing her right to claim that she inherited him.

By the evidence of record plaintiff failed to establish that she had ever recognized (acknowledged) said child as her child by any of the means provided by

Puerto Rican Law (Sec. 504 T. 31 LPRA) for said purpose.

She has been contending that even though it is unquestionable that she did not voluntarily recognize (acknowledge) said child as her child either in the record of birth or in any will or in other public instrument as required by said Sec. 504, Title 31 LPRA, nevertheless the church baptismal record should be considered as the equivalent of a public instrument.

■■ The Appeals Council, amply supported by decisions of the Supreme Court of the Commonwealth, correctly decided that such baptismal record does not lawfully represent the public instrument required for such purpose by the aforesaid provision of law.

Moreover, what the law requires is a public instrument emanating from the parent. The baptismal certificate was not signed by the plaintiff, indeed it shows that the plaintiff was not even present at the baptismal ceremony, and whatever is stated there, as regards the mother and child relation between plaintiff and her alleged son is merely hearsay.

The plaintiff has been unable to produce any single document, public or otherwise, *signed, executed* or *acknowledged by her*, whereby *she* recognized (acknowledged) said child as her child, and what the law essentially requires is that the document emanate from the parent and from nobody else.

■■ Therefore, plaintiff's further contention in the memoranda filed in this Court that the certificate of registration of Carlos Barrios Martinez as a voter, or his application for insurance before the Social Security Administration be considered as substitute of the public instrument required by the law has no merit whatsoever.

None of these documents emanated from the plaintiff.

There is no such thing in law as the acknowledgement or recognition of the parent by the child. See Dupont v. Aybar, 25 P.R.R. 290, 292.

As regards baptismal certificates, in addition to the cases cited in the record, See Gonzalez et al. v. Lopez et al., 19 P.R.R. 1056.

It, therefore, follows that there is no genuine issue as to any material fact and that defendant's motion for summary judgment must be granted, defendant being entitled to judgment as a matter of law.

### Summary Judgment.

The pleadings and the record of the administrative proceedings on file show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law.

It is therefore ordered and adjudged that the determination of the defendant through the Appeals Council of the Social Security Administration, under review herein, be as it is hereby affirmed and that the complaint in this action be as it is hereby dismissed.